IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANGELO PORRELLO, | ) |
| Movant, | ) ) ) |
| vs. | ) Case No. 09-0846-CV-W-ODS ) Crim. No. 00-00004-08-CR-W-ODS |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255 AND (2) DENYING CERTIFICATE OF APPEALABILITY

Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255. The motion is denied, and the Court declines to issue a Certificate of Appealability.

Movant was convicted in March 2001 on a variety of charges relating to a series of jewelry store robberies. The case was remanded twice, once to resolve a discovery matter and once for resentencing in light of *United States v. Booker* and *Blakely v. Washington*. In the third appeal to the Court of Appeals, the Government appealed two of the other defendant's sentences, and those defendants – along with Movant – cross-appealed their sentences. The Court of Appeals affirmed Movant's sentence. United States v. Hatcher, 501 F.3d 931 (8th Cir. 2007). Movant filed a Petition for Writ of Certiorari, which was denied on January 22, 2008. Porerello v. United States, 552 U.S. 1170 (2008) (Order denying Petition for Writ of Certiorari).

The instant postconviction proceeding was filed on October 14, 2009. On the last page, Movant indicated he placed it in the prison mail system on October 9, 2009. Thus, the proceeding is deemed to have commenced on October 9, 2009. See Houston v. Lack, 487 U.S. 266, 270 (1988). However, a motion for postconviction relief generally must be filed within one year of when the conviction becomes final. 28 U.S.C. § 2255(f). The motion in this case is untimely.

Anticipating this difficulty, Movant has invoked section 2255(f)(3), which permits a motion for postconviction relief to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Movant contends each of his claims depends on the Supreme Court's decision in three different cases:

- *United States v. Watson*, 552 U.S. 74 (2007)
- *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006)
- *United States v. Santos*, 553 US. 507 (2008)

Assuming, without deciding, that any of these cases initially recognized a new right that was made retroactive to cases on collateral review, the motion is still untimely because it was not filed within one year of any of these decisions.  *Santos* is the latest of these decisions, and it was decided on June 2, 2008 – more than one year before Movant initiated this proceeding in October 2009.

In order to appeal the denial of his claims, Movant must first obtain a Certificate of Appealability.  28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right."  This requires the Court to determine "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).  In this case, there can be no disagreement that Movant's request for postconviction relief is untimely, and further proceedings are not warranted.

For these reasons, the Court denies the motion for postconviction relief and declines to issue a Certificate of Appealability.
IT IS SO ORDERED.

                                                          /s/ Ortrie D. Smith
                                                          ORTRIE D. SMITH, JUDGE
DATE: April 1, 2011                            UNITED STATES DISTRICT COURT